# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TIM NICHOLS**, | ) |
| Plaintiff, | ) |
| | ) Case No.: 2016 CV 6946 |
| -vs- | ) |
| | ) Judge: |
| **TARGET CORPORATION**, | ) |
| | ) Magistrate Judge: |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to *Title 28 U.S.C. §1441, et seq.,* and *28 U.S.C. §1332,* Defendant, **TARGET CORPORATION,** by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Cause No. 2016 L 005583, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1. On or about June 6, 2016, Plaintiff, Tim Nichols, initiated the above captioned lawsuit by filing a Complaint entitled *Tim Nichols v. Target Corporation,* docket No. 2016 L 005583 in the Circuit Court of Cook County, Illinois. A copy of the initial Complaint at Law is attached hereto, labeled Exhibit "A", and incorporated herein by reference.

2. On or about June 6, 2016, Plaintiff caused a Summons to be issued for service upon the registered agent of Target Corporation. A copy of said Summons is attached hereto, labeled Exhibit "B", and incorporated herein by reference.

3. Service was obtained on Target Corporation's registered agent on June 7, 2016.

4. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 for the following reasons:

(a) Plaintiff, Tim Nichols, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b) Defendant, Target Corporation, at the time the lawsuit was commenced and at all relevant times, has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c) According to the allegations contained in Plaintiffs' Complaint herein, the amount of damages sought in this action by Plaintiff is in an amount in excess $30,000.00. Plaintiff claims to have suffered severe and permanent injuries as a result of the occurrence alleged in his complaint and that he has been prevented from attending to his ordinary duties and affairs of life, and has lost and will lose great gains which he otherwise would have made and acquired. He further alleges that she has become liable for large sums of money for medical care. Such allegations are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist LEXIS 84970 (N.D. Ill. 2010*)*, a copy of which decision is attached hereto as Exhibit "C";

(d) Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e) This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division, within thirty (30) days of service of the Summons and Complaint on this Defendant;

(f) This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to *28 U.S.C. §1441(a).*

5. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, TARGET CORPORATION,** respectfully requests that this case proceed before this Court as an action properly removed.

    Respectfully submitted,

    JOHNSON & BELL, LTD.,

    By:   /s/Robert M. Burke
            Robert M. Burke, One of the
            Attorneys for Target Corporation

ROBERT M. BURKE (6187403)
JOHNSON & BELL, LTD.
33 West Monroe Street, #2700
Chicago, Illinois 60603
Telephone: (312) 0770
e-mail: burker@jbltd.com

| STATE OF ILLINOIS | ) | ATTORNEY NO. 46715 |
|---|---|---|
| | ) SS. | |
| COUNTY OF COOK | ) | |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| TIM NICHOLS, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) NO. | 2016L005957 |
| | ) | CALENDAR/ROOM Z |
| TARGET CORPORATION, | ) | TIME 00:00 |
| | ) | Premises Liability |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, TIM NICHOLS, by and though his attorneys, LAW OFFICE OF DANIEL E GOODMAN, L.L.C., who complain of the Defendant, TARGET CORPORATION, as follows:

1. That on or about April 2, 2016 and for some time prior thereto, the Defendant, TARGET CORPORATION, operated, managed, controlled and/or possessed a building and surrounding land located at 601 S. County Farm Road, County of DuPage and State of Illinois.

2. On the aforesaid date and time the Plaintiff, TIM NICHOLS, was lawfully upon said premises as a customer.

3. At the time and place aforesaid the Plaintiff, TIM NICHOLS, was caused bodily injury when he tripped and fell on a defect in the sidewalk at the entrance of the aforesaid premises.

4. A the time and place aforesaid, the Defendant, TARGET CORPORATION, through its employees and agents, had a duty to exercise ordinary care in the ownership, control and maintenance of the aforesaid premises so that patrons of the store, including Plaintiff, were not injured.

5. That at the time and place aforesaid, the Defendant, TARGET CORPORATION, individually and through their employees and agents breached the aforesaid duty when the Defendant carelessly and negligently did the following acts and/or omissions:

   a) Carelessly and negligently maintained the pavement such that it allowed certain cracks, crevices, uneven pavement, disruptions, and

1



holes to develop and remain in the sidewalk pavement;

b) Carelessly and negligently failed to post a warning to the public that such cracks, crevices, uneven pavement and defects existed in the sidewalk pavement;

c) Carelessly and negligently failed to make adequate and proper inspection of said premises to determine the dangerous condition thereof;

d) Carelessly and negligently failed to repair the aforesaid defective sidewalk pavement so that it was made safe for the public;

e) Was otherwise careless and negligent in their ownership, maintenance and control of the aforesaid sidewalk.

6. That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, TARGET CORPORATION, individually and through their employees and agents, the Plaintiff, TIM NICHOLS, was severely and permanently injured both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions, and lacerations to his body, and became and was sick and disabled, and suffered, and will in the future suffer, great pains, discomfort and physical impairment, all of which injuries are permanent; and he has lost and will in the future lose other great gains which he otherwise would have made and acquired; and he has been kept and will be kept from attending to his ordinary affairs and duties, and the Plaintiff has become liable for large sums of money for medical and hospital care and attention.

WHEREFORE the Plaintiff, TIM NICHOLS, prays judgment against the Defendant, TARGET CORPORATION, in a sum greater than Thirty Thousand Dollars ($30,000.00), as will fairly and adequately compensate him for his injuries and damages together with his costs in bringing this suit.

DANIEL E. GOODMAN
ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 46715
LAW OFFICE OF DANIEL E GOODMAN, L.L.C.
9701 WEST HIGGINS ROAD, SUITE 601
ROSEMONT, IL 60018

2

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

No. _____

TIM NICHOLS

(Name all parties)

v.

TARGET CORPORATION

PLEASE SERVE: TARGET CORPORATION

R/A: CT CORPORATION SYSTEM

208 S. LASALLE ST. SUITE 814 CHICAGO, IL 60604

### ● SUMMONS  ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

● Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 46715
Name: Law Office of Daniel E. Goodman, LLC
Atty. for: Plaintiff
Address: 9701 W. Higgins Road, Suite 601
City/State/Zip: Rosemont, IL 60018
Telephone: (847) 292-6000

WITNESS, _____

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

6/9/2016



000211051G0001                    6020160609002844

DOC.TYPE: LAW
CASE NUMBER: 16L5583
DEFENDANT
TAGET CORPORATION
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

DIE DATE
06/29/2016

SERVICE INF
RM 801 CT C

ATTACHED

6/9/2016  000211051G0001  6020160609002844

Lexis

Switch Client | Preferences | Help | Sign Out

| Search | Get a Document | Shepard's® | More | History | Alerts |

FOCUS™ Terms [        ] [Go]  Advanced...
Get a Document [        ] [Go]                                    View Tutorial
Service: **Get by LEXSEE®**
Citation: **2010 U.S. Dist. LEXIS 84870**

*2010 U.S. Dist. LEXIS 84870, \**

✠ View Available Briefs and Other Documents Related to this Case

MARY VARKALIS, as Independent Administrator of the Estate of MICHAEL VARKALIS, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

No. 10 C 03331

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2010 U.S. Dist. LEXIS 84870

August 18, 2010, Decided
August 18, 2010, Filed

**CORE TERMS:** removal, notice, amount in controversy, jurisdictional, removable, untimely, admit, warranty, citations omitted, ad damnum, medical expenses, diverse, clock, ripe, reasons stated, brain damage, diversity jurisdiction, irreversible, stepladder, buckled, garage, ladder

**✠Available Briefs and Other Documents Related to this Case:**

U.S. District Court Motion(s)
U.S. District Court Pleading(s)

**COUNSEL:** **[\*1]** For Mary Varkalis, estate of Michael Varkalis, Plaintiff: Martin A. Dolan ⇲, Dolan Law Offices, P.C., Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants:
Michael Joseph Meyer ⇲, LEAD ATTORNEY, Eric Franklin Long, Stephen Sloan Weiss ⇲, Tribler Orpett and Meyer, P.C., Chicago, IL.

**JUDGES:** Blanche M. Manning ⇲, United States District Judge.

**OPINION BY:** Blanche M. Manning ⇲

**OPINION**



**MEMORANDUM AND ORDER**

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

## I. FACTS

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

## II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, [*2] breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to [*3] admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

## III. ANALYSIS

### A. Standard for Removal

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. *See, e.g., Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782 (7th Cir. 1999)(*citing* [*4] 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. *Mortgage Elec. Registration Sys. v. Rothman*, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).

### B. Amount in Controversy

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be

arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

**FOOTNOTES**

1 It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading [*5] from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. *See* 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought [*6] only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the *ad damnum* in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. *Height v. Southwest Airlines, Inc.*, No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); *Abdishi v. Phillip Morris, Inc.*, No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. *RBC Mortgage Comp. v. Couch*, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(*citing McCoy v. GMC*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly [*7] stated in its *ad damnum* clause." *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the "plaintiffs allege **serious, permanent injuries** and **significant medical expenses**" which exceed $75,000 on the **face** of the complaint. *Fields v. Jay Henges Enters.*, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006). See also *RBC Mortgage Co.*, 274 F. Supp. 2d at 969 (**complaints** alleging "**serious, permanent injuries**" are "unambiguous[ly]" ripe for **removal** because the plaintiff almost certainly will seek more than $75,000)(citation omitted); *McCoy, 226 F. Supp. 2d at 941* (the **30-day removal period** under the first **sentence** of § **1446(b)** is triggered when the **complaint** alleges "**serious, permanent injuries** and **significant medical expenses**, [and] it is **obvious** from the **face** of the **complaint** that the plaintiffs' **damages exceed**[] the **jurisdiction[al] amount**").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the [*8] defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields*, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457,

at *7 ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). See also *Huntsman Chem. Corp. v. Whitehorse Techs.*, No. 97 C 3842, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997)(citing *Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851, 853 (D.C. Mich. 1979)("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. ²

### FOOTNOTES

2 The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

### IV. CONCLUSION

For the reasons stated [*9] above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

**ENTER: August 18, 2010**

/s/ Blanche M. Manning

**Blanche M. Manning**

**United States District Judge**



    Service: **Get by LEXSEE®**
   Citation: **2010 U.S. Dist. LEXIS 84870**
      View: Full
Date/Time: Thursday, June 26, 2014 - 11:11 AM EDT

**LexisNexis** About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2014 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.