

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## 219 SOUTH DEARBORN STREET
## CHICAGO, ILLINOIS 60604

**THOMAS G. BRUTON**
**CLERK**

312-435-6860

August 23, 2021

Mark A. Heftman
Law Office of Daniel E Goodman, LLC
9701 W. Higgins Road, Suite 601
Rosemont, IL 60018
mark@danielgoodmanlaw.com

Daniel E. Goodman
Goodman & Witanen
1030 West Higgins Road
Suite 365
Park Ridge, IL 60068

Robert M. Burke
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603
burker@jbltd.com

Helena M. Jorgensen
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603
jorgensenh@jbltd.com

Jack J. Casciato
Clifford Law Offices
120 N. LaSalle Street
Suite 3600
Chicago, IL 60602
jjc@cliffordlaw.com

Jessica K. Velez
Johnson & Bell, ltd.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
velezj@jbltd.com

Michael J. Linneman
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603
linnemanm@jbltd.com

    **In re:** *Tim Nichols v. Target Corporation*
    **Case No. 16-cv-06946**

Dear Counsel:

    I have been contacted by Judge Andrea R. Wood, who presided over the above-mentioned case.

    Judge Wood has informed me that it has been brought to her attention that while she presided over this case she or her spouse owned stock in Target Corporation. Judge Wood no longer had any financial interest in Target Corporation after November 4, 2016. The case was subsequently resolved through a settlement and dismissed by stipulation of the parties on March 29, 2017. Judge Wood's financial interest neither affected nor impacted her decisions in the case. However, the stock

ownership would have required recusal under the Code of Conduct for United States Judges. Thus, Judge Wood directed that I notify the parties of the conflict.

[Advisory Opinion 71](), from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing grounds for disqualification that are not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained that "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Wood's disclosure of a conflict. Should you wish to respond, please submit your response on or before **September 23, 2021**. Any response will be considered by another judge of this court without the participation of Judge Wood.

Sincerely,

Thomas G. Bruton
Clerk of Court